

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:08cr107 |
| | ) | |
| LORENZO OWEN SPELLMAN | ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

This matter is before the Court on Petitioner's motion to correct or amend his sentence pursuant to 28 U.S.C. § 2255. The United States asserts that Spellman's 28 U.S.C. § 2255 motion is barred by the relevant statute of limitations. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

On April 24, 2008, Spellman pled guilty to conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing detectable amounts of cocaine hydrochloride. On July 28, 2008, the Court entered Spellman's Judgment in a Criminal Case wherein the Court sentenced Spellman to a 204-month term of imprisonment.

On July 30, 2009, the Court received from Spellman a one-page letter wherein he stated that he wished to withdraw his plea ("July 30, 2009 Letter Motion"). Spellman listed the following causes as the basis for his decision to withdraw his plea:

"1) Ineffective Assistance of Counsel 2) Unclean Hands 3) Fraud 4) Misrepresentation 5) Misappropriation of Policy." (July 30, 2009 Letter.) The July 30, 2009 Letter Motion

did not contain any facts to support these charges. By Memorandum Order entered on September 4, 2009, the Court denied Spellman's July 30, 2009 Letter Motion. The Court sent Spellman the forms for filing a 28 U.S.C. § 2255 motion and told Spellman that the Court would process a request for § 2255 relief upon receipt of the properly completed forms for seeking § 2255 relief. Spellman appealed that decision. On March 4, 2010, the United States Court of Appeals for the Fourth Circuit affirmed this Court's decision. *United States v. Spellman*, 368 F. App'x 403 (4th Cir. 2010).

On October 25, 2009, Spellman executed his 28 U.S.C. § 2255 motion and placed it in the prison mail system. (§ 2255 Mot. 14.) Accordingly, the 28 U.S.C. § 2255 motion is deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

In his 28 U.S.C. § 2255 Motion, Spellman contends that he is entitled to relief upon the following grounds:

> Claim One   Spellman did not receive the effective assistance of counsel in conjunction with his decision to plead guilty.
>
> Claim Two   "Unclean hands akin to 'bad faith,' and failure to perform." (§ 2255 Mot. 5.)[1]
>
> Claim Three   "Fraud on the contract; attorney conceals evidence." (§ 2255 Mot. 7.)
>
> Claim Four   "Misrepresentation." (§ 2255 Mot. 8.)
>
> Claim Five   "Improper Purpose." (§ 2255 Mot. 12.)

---

[1] The Court employs the page numbers assigned to Spellman's submissions by the Court's CM/ECF docketing system. The Court has corrected the capitalization in the quotations to Spellman's submissions.

## II. STATUTE OF LIMITATIONS FOR 28 U.S.C. § 2255 MOTIONS

All motions under 28 U.S.C. § 2255 are governed by a one-year statute of limitations. Specifically, 28 U.S.C. § 2255 reads, in pertinent part:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1).

## III. TIMELINESS OF SPELLMAN'S § 2255 MOTION

Under 28 U.S.C. § 2255(f)(1), Spellman had one year from the date his conviction became final to file a § 2255 motion with this Court. Spellman's conviction became final on Monday, August 11, 2008, the last date to file a notice of appeal with respect to his criminal conviction. *See Clay v. United States*, 537 U.S. 522, 527–28 (2003); *United States v. Clayton*, 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:04CV122, 4:01CR16, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005); Fed. R. App. P. 4(b)(1)(A) (2008) (requiring defendant to file an appeal

3

within ten days of the entry of judgment). Therefore, Spellman was required to file his 28 U.S.C. § 2255 motion by Tuesday, August 11, 2009. Because Spellman did not file his 28 U.S.C. § 2255 motion until October 29, 2009, the motion is barred by the relevant statute of limitations.

Spellman has not advanced any coherent basis for either a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4) or equitable tolling. The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "'[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (alteration in original) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Furthermore, "[a]s a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity," such as when the litigant is institutionalized or adjudged mentally incompetent. *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998)). As explained below, Spellman does not meet this exacting standard.

4

In his § 2255 Motion, Spellman simply asserts that he

> should not suffer sanction on one year limitation for fraud, misrepresentation, non-disclosure, avarice, improper purpose, unfair advantage . . . with [ineffective assistance of counsel] and government misconduct.
> Your rules limit what you can do, when you don't have all the ingredients. Clearly, an incompetent party is contract stipulation which prevents formulation for any business arrangements.

(§ 2255 Mot. 13 (omission in original).) In his rebuttal to the Government's Motion to Dismiss, Spellman further asserts that the Court should "overlook[]" the statute of limitations because of "Gross Negligence," "Negligence," Malfeasance," "Malicious Mischief," "Conflict of Interest," and "Biasness." (Pet'r's Rebuttal 2.) Spellman fails to direct the Court to any specific facts which demonstrate that some extraordinary circumstance, such as his alleged mental infirmities, prevented him from filing on time.[2] *Sosa*, 364 F.3d at 512–13 (refusing to equitably toll limitation period based on inmate's "'language difficulties,'" schizoaffective disorder, and generalized anxiety disorder). Moreover, Spellman fails to advance any specific facts that demonstrate he has been pursuing his rights diligently. *See Holland*, 130 S. Ct. 2555–59; *Yang*, 525 F.3d at 930 (requiring petitioner to "allege with specificity 'the steps he took to diligently pursue his federal claims'" (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998))). Accordingly, Spellman is not entitled to equitable tolling.

---

[2] Spellman's Presentence Report reflects that Spellman "has never suffered from, or been treated for, any mental or emotional health problems." (Presentence Report ¶ 66.) Although Spellman's educational and vocational skills were weak, they do not suggest that Spellman was incompetent to enter into the plea agreement. (*Id.* ¶¶ 72, 73.)

5

The Court also concludes that Spellman's July 30, 2009 Letter Motion does not provide a basis under Federal Rule of Civil Procedure 15(c) for rendering Spellman's § 2255 Motion timely.[3] Relation back under Federal Rule of Civil Procedure 15(c) "depends on the existence of a *common core of operative facts* uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005) (emphasis added; internal quotation marks omitted). "[I]t is axiomatic that where, as here, there are *no* facts presented in support of the original claims [in the July 30, 2009 Letter Motion], there can be no 'common core of operative facts uniting the original and newly asserted claims.'" *Payne v. United States*, Nos. 8:99-CR-78-T-27MSS, 8:05-CV-273-T-27MSS, 2007 WL 496608, at *6 (M.D. Fla. Feb. 12, 2007) (citing *Mayle*, 545 U.S. at 653–64); *see Freeman v. United States*, Nos. 3:08CR456, 3:10CV466, 2010 WL 3155982, at* 1 (E.D. Va. Aug. 6, 2010); *Hardy v. Jones*, 3:08CV843, 2010 WL 883749, at *2–3 (E.D. Va. Mar. 8, 2010) (concluding § 2254 petitioner's initial habeas petition, which did not set forth the facts that made her detention unlawful, did not have any impact on the statute of limitations analysis).

---

[3] Federal Rule of Civil Procedure 15(c) provides, in pertinent part:

    An amendment to a pleading relates back to the date of the original pleading when:
        (A) the law that provides the applicable statute of limitations allows relation back;
        (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.

Fed. R. Civ. P. 15(c)(1).

Spellman's 28 U.S.C. § 2255 Motion (Dk. No. 23) will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Spellman has not satisfied this standard, a certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Jun. 10, 2011
Richmond, Virginia